UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE ADLER and <br> LORI ADLER | CIVIL ACTION NO. |
| v. | |
| NISSAN NORTH AMERICA, INC. | APRIL 5, 2017 |

## COMPLAINT

### JURISDICTION

1. Plaintiffs Lawrence Adler and Lori Adler are citizens of the State of Connecticut.

2. Defendant Nissan North America, Inc. is a corporation incorporated under the laws of California with a principal place of business in Tennessee.

3. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District; the vehicle malfunction at issue occurred in this District; and the plaintiffs live in this District.

**COUNT ONE:** (<u>**Lawrence Adler**</u>)

5. On or about August 13, 2013, Lawrence Adler leased a 2013 Nissan Infinity, Model: M56X, VIN: IN1AY1AR7DM590165, which had a keyless ignition system.

6. On or about August 13, 2013, the defendant, Nissan North America, Inc., (hereinafter "Nissan") had among its responsibilities automotive styling, engineering, consumer and corporate financing, sales and marketing, distribution and manufacturing for the United States, and it was the distributor or manufacturer of said motor vehicle.

7. At all times material hereto the defendant, Nissan, was acting as a "product seller" as defined by Connecticut General Statutes § 52-572m(a).

8. At all times material hereto the defendant, Nissan, was acting as a "product manufacturer" as defined by Connecticut General Statutes § 52-572m(d).

9. At all times material hereto the defendant, Nissan, was engaged in the business of selling, distributing or otherwise providing products including the Nissan Infiniti vehicle leased to Lawrence Adler.

10. At all times material hereto, the defendant, Nissan, was engaged in the design, formula, preparation, assembly, installation, testing, warnings, instruction, marketing, packaging and/or labeling of products including the Nissan Infiniti vehicle described above.

11. At all times material hereto, the defendant, Nissan, advertised, marketed, solicited for sale and sold and/or rented products to customers in the State of Connecticut.

12. On or about April 10, 2014, at approximately 4:30 p.m., Lawrence Adler parked

the Nissan Infiniti inside the garage at his residence, and exited the vehicle after turning it off.

13. At the above date and time, the vehicle began to roll backwards, and Lawrence Adler attempted to re-enter the vehicle to stop it, but failed and he was dragged by the vehicle and fell to the ground.

14. On or about April 10, 2014, the Nissan Infiniti malfunctioned causing serious injuries to Lawrence Adler.

15. The incident that caused the harm to the plaintiff was of a kind that does not ordinarily occur in the absence of a product defect and any defect most likely existed at the time the product left the manufacturer's or seller's control and was not the result of the reasonably possible causes not attributable to the manufacturer or seller.

16. In addition to and without limiting the allegations of Paragraph 15, a substantial factor causing Lawrence Adler's injuries were Nissan's violation of Connecticut General Statutes §§ 52-572m-52-572q in one or more of, but not limited to, the following ways:

    a) created an unsafe condition because the Nissan Infiniti in question had an engine that could be turned off without the vehicle being shifted into park;
    b) failed to warn drivers that turning off their vehicle does not place the transmission in the park position;
    c) created an unsafe condition in that the "key" or "fob" to the vehicle could be removed when the vehicle remained in drive;
    d) failed to have an automatic feature which placed the car in park when the vehicle is off and the "key" or "fob" exits with the driver;
    (e) failed to have an audible warning to drivers exiting their vehicle indicating that the vehicle was not in the park position.

17. A substantial factor causing the malfunction of the Nissan Infiniti vehicle and

the injuries to Lawrence Adler was Nissan's negligent testing, manufacture, design, construction, preparation, assembling, testing, distribution and/or sale of the Nissan Infiniti in question.

18. As a result, Lawrence Adler suffered lost wages and a loss of his earning capacity.

19. As a further result, Lawrence Adler has incurred and will continue to incur hospital, surgical, rehabilitation and other medical expenses all to his financial loss.

20. As a further result, Lawrence Adler has suffered a loss of his ability to carry on and enjoy all of life's activities.

21. As a further result of the injuries sustained by Lawrence Adler, he has suffered and continues to endure pain and suffering.

**COUNT TWO:** (**Lori Adler- Loss of Consortium**)

22. The plaintiff, Lori Adler, repeats and realleges the allegations of Paragraphs 5 through 21 of Count One as Paragraphs 21 through 37 of this Count Two with the same force and effect as if fully set forth herein.

38. As a result of the conduct of the defendant through their agents, servants or employees, as described in this Count, Lori Adler has suffered a loss of affection, care, companionship and consortium of her husband, Lawrence Adler, for which she is entitled to damages.

**COUNT THREE:** (**Lori Adler- Bystander of Emotional Distress**)

39-55. The plaintiff, Lori Adler, repeats and re-alleges the allegations of Paragraphs 5 through 21 of Count One as Paragraphs 39 through 55 of this Count Three with the same force and effect as if fully set forth herein.

56. As a result of the conduct of the defendant through their agents, servants or employees, Lori Adler, wife of Lawrence Adler, suffered serious emotional distress in that she viewed Lawrence Adler immediately after he sustained the substantial injuries described above.

57. The conduct of the defendant, through its agents, servants or employees, was a substantial factor in causing Lori Adler's serious emotional distress.

WHEREFORE, the plaintiffs pray for the following relief:

1. Compensatory damages in the amount of $8,000,000 plus costs;

2. Such other relief as the Court deems appropriate.

           THE PLAINTIFFS,


           By /s/ Christopher M. Mattei
            Christopher M. Mattei
            Federal Bar No. ct27500
            Koskoff, Koskoff & Bieder
            350 Fairfield Avenue
            Bridgeport, Connecticut 06604
            TEL:  203-336-4421
            FAX: 203-368-3244
            Email: cmattei@koskoff.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE ADLER and <br> LORI ADLER <br> <br> v. <br> <br> NISSAN NORTH AMERICA, INC. | ) <br> ) <br> ) CIVIL ACTION NO. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) April 5, 2017 <br> ) |

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civil P., Rule 38, Plaintiffs in the above-captioned matter hereby demand a trial by jury on all issues.

THE PLAINTIFFS

By /s/ Christopher M. Mattei
Christopher M. Mattei
Federal Bar No. ct27500
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, Connecticut 06604
TEL: 203-336-4421
FAX: 203-368-3244
Email: cmattei@koskoff.com